```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

```
WANDA A. LOTT,                      :

      Plaintiff,                    :

vs.                                 :
                                          CIVIL ACTION 06-0265-BH-M
JO ANNE B. BARNHART,                :
Commissioner of
Social Security,                    :

      Defendant.                    :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits.  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on November 27, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor Defendant Jo Anne B. Barnhart and against Plaintiff Wanda A. Lott.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evi-

dence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born January 22, 1957.  At the time of the administrative hearing, Lott was forty-seven years old, had completed a high school education (Tr. 495), and had previous work experience as a certified nurse aide, a cosmetologist, and a janitor/housekeeper (Tr. 497-98).  In claiming benefits, Plaintiff alleges disability due to lumbar degenerative disc disease, cervical spondylosis with cervicogenic headaches, depression, and anxiety (Doc. 8).

The Plaintiff protectively filed an application for disability benefits on March 14, 2003 (Tr. 74-77).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Lott is capable of performing her past work as a housekeeper (Tr. 15-34).  Plaintiff requested review of the hearing decision (Tr. 12-14) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Lott alleges that the ALJ did not properly consider the duties and requirements of her past work as a housekeeper when determining

that she could do it (Doc. 8).  Defendant has responded to—and denies—these claims (Doc. 9).

Plaintiff claim that she is unable to perform her past work because of the mental demands.  In bringing this claim, Lott has raised two specific concerns with the ALJ's determination.  First, she asserts that the ALJ did not properly develop the record regarding her past work; second, she noted that the ALJ did not call on a vocational expert (hereinafter *VE*) to testify as to her ability to work.

The Court notes at the outset that Plaintiff has the burden of proving that she cannot perform her past relevant work.  *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (*citing Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)).  Nevertheless, the Eleventh Circuit Court of Appeals has held that

> [a]lthough a claimant bears the burden of demonstrating an inability to return to [her] past relevant work, the Secretary has an obligation to develop a full and fair record.  *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work.  *Nelms*, 803 F.2d at 1164.

*Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

3

The ALJ looked to a Social Security form Lott completed in determining what was required in performing her past work as a housekeeper (Tr. 32).  On that form, Plaintiff indicated that her job did not require her to use machines, tools, or equipment and required no technical knowledge or skills; she did not have to write reports or complete forms (Tr. 119).  Lott stated that she worked eight-hour days which required her to walk for one hour, sit and stand, each, for one-half hour, crouch for one hour, and stoop for five hours during that period; she further indicated that she never had to lift more than ten pounds though she had to do that frequently in carrying towels and sheets about.  The ALJ also looked to the *Dictionary of Occupational Titles* § 323.687-014 (hereinafter *DOT*) which indicates that a housekeeper

> [c]leans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of [the] following duties:  Sorts, counts, folds, marks, or carries linens.  Makes beds.  Replenishes supplies, such as drinking glasses and writing supplies.  Checks wraps and renders personal assistance to patrons.  Moves furniture, hangs drapes, and rolls carpets.

*Dictionary of Occupational Titles* xiii 323.687-014 (4th ed. 1991).  The vocation was characterized as light work as it required lifting up to ten pounds on a frequent basis though up to twenty pounds on an occasional basis.  The *DOT* stated that being a housekeeper required the ability to "[a]pply commonsense

4

understanding to carry out simple one- or two-step instructions" (*id.*).  In determining that Lott could perform this work, the ALJ pointed to the report from her physical therapist which indicated that she could frequently stand, walk, climb stairs, squat, kneel and reach overhead; the therapist also indicated that Plaintiff could lift more than twenty pounds on a frequent basis (Tr. 452-53).

The Court does not understand Plaintiff to challenge the ALJ's decision on the basis of her physical abilities or limitations (*see* Doc. 8).  Rather, Lott's claim arises from her "moderate restriction in maintaining concentration," as found by the ALJ (Doc. 8, p. 6).  The Court notes, though, that the ALJ specifically discussed Plaintiff's "mental capacities and limitations" before finding that she "possesse[d] the mental residual functional capacity to perform unskilled work activity not requiring more than simple one and two-step tasks" (Tr. 32).

The Court finds substantial support for the ALJ's conclusion that Plaintiff is capable of performing her past relevant work as a housekeeper.  There has been no dispute regarding her physical abilities.  Plaintiff has pointed to no medical evidence suggesting that she cannot mentally perform that work as well; though Lott has moderate limitations in concentration, her work as a housekeeper does not require sustained concentration.

Plaintiff has also noted that the ALJ did not call a VE to

5

testify as to her ability to perform her past work.  The Court again notes that a VE was not required as it was Lott's burden to prove that she could not perform her past relevant work.  Plaintiff did not meet this burden.  Lott's claim is of no merit.[1]

Plaintiff has raised a single claim in bringing this action.  That claim is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Wanda A. Lott.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

---

[1] The Court notes that Plaintiff has asserted that the ALJ failed to discuss an opinion in the record indicating that she "was not able to engage in full-unrestricted employment" (Doc. 8, p. 6; *cf.* Tr. 389).  The Court notes that although the ALJ did not specifically quote this language, he acknowledged that the licensed professional counselor who had made the statement had indicated that Lott could not return to her past work as a nurse assistant though there was alternative employment available to her (Tr. 26).

judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of November, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE